IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

GLENN EILERT,                    §
                                 §
          Plaintiff,             §
                                 §
VS.                              §   CIVIL ACTION NO. H-13-3758
                                 §
CHARLES I. TURNER,               §
                                 §
          Defendant.             §

OPINION AND ORDER

Pending before the Court in the above referenced cause, alleging that *pros se* Defendant Charles I. Turner ("Turner"), a New Jersey attorney practicing primarily in debt collection, violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1602 *et seq.*, in seeking to collect on three consumer debts purportedly owed by Plaintiff Glenn Eilert ("Eilert"), is Eilert's motion for partial judgment on the pleadings (instrument #25).

After reviewing the record and the applicable law, for the reasons stated below the Court concludes that the motion should be denied and grants leave to Eilert, if he is able, to pursue his claims through a motion for summary judgment.

The Court notes that Turner is proceeding *pro se* here, but since he is a licensed attorney, the Court finds that he may be held to the standard of an attorney with regard to his pleadings.

**Standard of Review**

A motion for judgment on the pleadings under Federal Rule of

Civil Procedure 12(c), providing that "[a]fter the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings," is "designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Herbert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990), *citing* 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1367, at 509-10 (1990).  The same standard used to review motions under Rule 12(b)(6) applies to motions under Rule 12(c). *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007)(citations omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965, *citing* 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-236 (3d ed. 2004)("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"). *Twombly* requires that a complaint

-2-

"allege enough facts to state a claim that is plausible on its face." *St. Germain v. Howard*, 556 F.3d 261, 263 n.2 (5th Cir. 2009), *citing Twombly*, 127 S. Ct. at 1974). "'A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Montoya v. FedEx Ground Package System, Inc.*, 614 F.3d 145, 148 (5th Cir. 2010), *quoting Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plausibility standard is not akin to a "probability requirement," but asks for more than a "possibility that a defendant has acted unlawfully." *Twombly*, 550 U.S. at 556. Dismissal is appropriate when the plaintiff fails to allege "'enough facts to state a claim to relief that is plausible on its face'" and therefore fails to "'raise a right to relief above the speculative level.'" *Montoya*, 614 F.3d at 148, *quoting Twombly*, 550 U.S. at 555, 570.

On a Rule 12(b)(6) review, although generally the court may not look beyond the pleadings, the Court may examine the complaint, documents attached to the complaint, and documents attached to the motion to dismiss to which the complaint refers and which are central to the plaintiff's claim(s), as well as matters of public record. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC,* 594 F.3d 383, 387 (5th Cir. 2010), *citing Collins*, 224 F.3d at 498-99; *Cinel v. Connick*, 15 F.3d 1338, 1341, 1343 n.6 (5th Cir. 1994). *See also United States ex rel. Willard v. Humana Health*

*Plan of Tex., Inc.*, 336 F.3d 375, 379 (5th Cir. 2003)("the court may consider . . . matters of which judicial notice may be taken"). Taking judicial notice of public records directly relevant to the issue in dispute is proper on a Rule 12(b)(6) review and does not transform the motion into one for summary judgment. *Funk v. Stryker Corp.*, 631 F.3d 777, 780 (5th Cir. 2011). "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

**Factual Allegations of the First Amended Complaint (#11)**

Eilert alleges that on December 27, 2012, Turner sent Eilert a letter in an attempt to collect on a consumer debt that Eilert purportedly owed. Eilert represents that the letter stated, *sic*,

> Please be advised that I have been retained by the above named client in connection with an outstanding bill in the amounts of $825.00. Your account was placed with Accredited Collection Agency, despite numerous attempts, this account is still delinquent, which we trust is merely an oversight on your part.

This letter was the first communication Turner sent to Eilert on a debt allegedly owed to "YOUR FAST CASH." Turner allegedly never provided Eilert with the debt validation information or notice of right to dispute debt as required by 15 U.S.C. 1692g(a).[1]

---

[1] Title 15 U.S.C. § 1692g(a) provides,

On December 31, 2012, Turner sent Eilert another letter in an effort to collect on a separate consumer debt that Turner claimed was owed to "MYPAYDAYADVANCE."   In relevant part that letter stated,

> I have been retained to review and recommend this account for legal action to collect this debt based on your failure to pay.  I am requesting that you pay the entire balance within 10 days.

---

Notice of debt; contents

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--

> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

This letter was also the first communication that Turner sent to Eilert about this debt to "MYPAYDAYADVANCE." Once again Turner purportedly never provided the debt validation information or notice of right to dispute debt as required by 15 U.S.C. § 1692g(a).

On January 15, 2013, Turner sent Eilert a third letter to collect on a separate, third consumer debt purportedly owed by Eilert to "MY NEXT PAYDAY." It reads,

> I have been retained to review and recommend this account for legal action to collect this debt based on your failure to pay. I am requesting that you pay the entire balance within 10 days.[2]

This letter, too, was Eilert's first communication about the debt allegedly owed to "MY NEXT PAYDAY." Eilert again asserts that Turner did not provide Eilert with the debt validation information or notice of right to dispute debt, in violation of 15 U.S.C. § 1692g(a).

There is no dispute that Turner sent these three letters and that they contained the quoted passages.

Eilert represents that in response to his Original Complaint, on February 27, 2014 Turner filed an Answer and Counterclaim (#8)

---

[2] The Court observes that in each of these three very brief quotations, an inference is easily drawn that Turner has been retained to represent another party to attempt to collect on a debt, but there is insufficient detail to determine the context or what other information the letter provides.

against Eilert relating to these purported three loans,[3] which
Eilert insists that he never obtained and therefore he owes nothing
to Eilert relating to them.  Eilert claims that Turner in his
Counterclaim denied being a debt collector.

The Court has examined the Counterclaim in #8 carefully and
fails to finds such a denial by Turner.[4]  Although 15 U.S.C. §
1692e(11) requires the initial communication with a consumer debtor
to include a statement that the sender is a "debt collector . . .
attempting to collect a debt and that any information obtained will
be used for that purpose" and to disclose "in subsequent
communications that the communication is from a debt collector,"
that provision does not apply to an answer to a complaint.  Title
15 U.S.C. § 1692g(a), also applicable to the initial communication,
requires a debt collector to send within five days of the initial
communication a notice informing the alleged debtor of the amount
of the debt, the creditor, that he has thirty days to contest the
validity of the debt, and that if he does so, the debt collector
will send him verification of the debt.  Eilert has conclusorily
asserted that Turner's three collection letters failed to do both.

---

[3] After Eilert filed his motion to strike the counterclaim
(#10) and First Amended Complaint (#11), Turner dropped the
counterclaim in his Amended Answer (#17).

[4] The first sentence of the Answer states, "COME NOW
Defendant Charles I. Turner, Both an Attorney at Law and a Pro-Se
Defendant, answering for the Defendant . . ." and the signature
line identifies Turner as "Attorney and Defendant Pro-Se."

However the First Amended Complaint only provides a snippet of each of the three letters, and Turner in his original and in his amended answers denied Eilert's statement.

Eilert now claims that Turner lacks standing to sue Eilert for the three debts.[5]

_____

[5] Eilert charges Turner, who allegedly did not identify whether he was acting as a lawyer or a debt collector, with deceptive and misleading letters in his attempt to collect on a debt that Turner lacked standing to assert.  In *Gonzalez v. Kay*, 577 F.3d 600, 604 (5th Cir. 2009), *cert. denied*, 559 U.S. 936 (2009), the Fifth Circuit emphasized, "There are sound policy reasons for the FDCPA's prohibition on a debt collector sending a collection letter that is seemingly from an attorney" and quoted from *Avila v. Rubin*, 84 F.3d 222, 229 (7th Cir. 1996),

> An unsophisticated consumer, getting a letter from an "attorney," knows the price of poker has just gone up. And that clearly is the reason why the dunning campaign escalates from the collection agency, which might not strike fear in the heart of the consumer, to the attorney, who is better positioned to get the debtor's knees knocking.

"A letter from a lawyer implies that the lawyer has become involved in the debt collection process, and the fear of a lawsuit is likely to intimidate most consumers. . . . [A] lawyer acting as a debt collector, must notify the consumer, through a clear and prominent disclaimer in the letter, that the lawyer is wearing a "debt collector" hat and not a "lawyer hat" when sending out the letter." *Gonzalez*, 577 F.3d at 604, *citing Greco v. Trauner, Cohen & Thomas, LLP*, 412 F.3d 360, 361-62 (2d Cir. 2005).   As the Fifth Circuit observed, *id.* at 607,

> There are some letters that, as a matter of law, are not deceptive based on the language and placement of a disclaimer.  At the other end of the spectrum, there are letters that are so deceptive and misleading as to violate the FDCPA as a matter of law. . . . In the middle, there are letters that include contradictory messages, and therefore present closer calls.

This law applies to the initial collection letter and not to a

In addition, Eilert also contends that before and after he filed this action, Turner engaged in debt collection actions against Eilert without posting the required bond with the Texas Secretary of State in violation of section 392.101 of the Texas Finance Code, which is part of the Texas Debt Collection Act ("TDCA").[6]

Eilert claims that as a direct result of Turner's debt collection activity Eilert has incurred legal fees of $3,555.00.

---

debt collector's answer to a suit brought by the alleged debtor. Nevertheless, the Court observes that in neither of  Eilert's complaints and neither Turner's original nor second Answer are there allegations or details, no less any documents evidencing the nature of the purported loans attached to any submissions, that indicate that Turner is an attorney acting on behalf of United Credit Specialists, a debt collector firm, no less that United Credit Specialists was authorized by the alleged creditors to collect their debts.  Turner first asserts that claim at the last minute in his opposition to the Rule 12(c) motion.

[6] Section 392.101 provides,

(a) A third-party debt collector or credit bureau may not engage in debt collection unless the third-party debt collector or credit bureau has obtained a surety bond issued by a surety company authorized to do business in this state as prescribed by this section. A copy of the bond must be filed with the secretary of state.

(b) The bond must be in favor of:

(1) any person who is damaged by a violation of this chapter; and

(2) this state for the benefit of any person who is damaged by a violation of this chapter.

(c)  The bond must be in the amount of $10,000.

Eilert brings four causes of action against Turner: (1)
violation of 15 U.S.C. § 1692g[7] in failing to send Eilert the

_____

[7] Section 1692g provides in relevant part,

(a) Notice of debt; contents

Within five days after the initial communication with a
consumer in connection with the collection of any debt,
a debt collector shall, unless the following
information is contained in the initial communication
or the consumer has paid the debt, send the consumer a
written notice containing--

    (1) the amount of the debt;

    (2) the name of the creditor to whom the debt is
    owed;

    (3) a statement that unless the consumer, within
    thirty days after receipt of the notice, disputes
    the validity of the debt, or any portion thereof,
    the debt will be assumed to be valid by the debt
    collector;

    (4) a statement that if the consumer notifies the
    debt collector in writing within the thirty-day
    period that the debt, or any potion thereof, is
    disputed, the debt collector will obtain
    verification of the debt or a copy of a judgment
    against the consumer and a copy of such
    verification or judgment will be mailed to the
    consumer by the debt collector; and

    (5) a statement that, upon the consumer's written
    request within the thirty-day period, the debt
    collector will provide the consumer with the name
    and address of the original creditor, if different
    from the current creditor.

(b) Disputed debts

If the consumer notifies the debt collector in writing
within the thirty-day period described in subsection
(a) of this section that the debt, or any portion
thereof, is disputed, or that the consumer requests the

-10-

required debt validation information within five days of Turner's
initial communication with Eilert; (2) violation of 15 U.S.C. §
1692e and § 1692f[8] for filing the counterclaim for a debt on which

---

name and address of the original creditor, the debt
collector shall cease collection of the debt, or any
disputed portion thereof, until the debt collector
obtains verification of the debt or a copy of the
judgment, or name and address of the original creditor,
is mailed to the consumer by the debt collector. . . .

[8] Title 15 U.S.C. § 1692a(6) is one of the sections of the
FDCPA that defines "debt collector":

The term "debt collector" means any person who uses any
instrumentality of interstate commerce or the mails in
any business the principal purpose of which is the
collection of any debts, or who regularly collects or
attempts to collect, directly or indirectly, debt owed
or due or asserted to be owed or due another. . . . For
the purpose of section 1692f(6) of this title, such
term also includes any person who uses any
instrumentality of interstate commerce or the mails in
any business the principal purpose of which is the
enforcement of security interests."

A debt collector is also defined in 15 U.S.C. 1692a(6)(F) as
"any person collecting or attempting to collect any debt owed or
due or asserted to be owed or due another to the extent such
activity (i) is incidental to a bona fide fiduciary obligation of
a bona fide escrow arrangement; (ii) concerns a debt which was
originated by such person; (iii) concerns a debt which was not in
default at the time it was obtained by such person; or (iv)
concerns a debt obtained by such person as a secured party in a
commercial credit transaction involving the creditor."  "The
[FDCPA] does not apply to the actions of a party seeking to
collect a debt owed to itself."  *Robertson v. GE Consumer Fin.,
Inc.*, No. 2:06cv3KS-MTP, 2008 WL 4868289, at *3 (S.D. Miss. Nov.
&, 2008); *see also Richard v. Santander Consumer USA*, No. 4:11-
CV-643-A, 2011 WL 6202238, at *2-3 (N.D. Tex. Dec. 13, 2011)(only
debt collectors, not creditors, are subject to FDCPA).
     Section 1692(f) provides, "A debt collector may not use
unfair or unconscionable means to collect or attempt to collect
any debt."  Nor may a debt collector "use any false, deceptive,
or misleading representations or means in connection with the

Turner has no standing nor right to collect; (3) violation of §
1692e in misrepresenting to Eilert that he is not a debt collector
as defined in § 1692a; and (4) violation of § 1692e and § 1692f by
acting as a debt collector and engaging in debt collection
activities against Eilert in Texas, where it is unlawful for Turner
to do so.[9]  He seeks $1000 in statutory damages under 15 U.S.C. §
1692k(2),[10]  $3,555.00 in legal costs, prejudgment interest,

_____

collection of any debt."  15 U.S.C. § 1692e.  Furthermore "a debt
collector may not engage in any conduct the natural consequence
of which is to harass, oppress, or abuse any person in connection
with the collection of a debt."  *Id.* at § 1692d.

[9] "[A] debt collector who has not been properly licensed by
the state in which it attempted to collect a debt has violated
Section 1692e(5) of the FDCPA."  *Sibley v. Firstcollect, Inc.*,
913 F. Supp. 469, 471 (M.D. 1995)

[10] Section 1692k(a) addresses the amount of damages and
states in relevant part,

> Except as otherwise provided by this section, any debt
> collector who fails to comply with any provision of
> this subchapter with respect to any person is liable to
> such person in an amount equal to the sum of--
>
>> (1) any actual damage sustained by such person as
>> a result of such failure;
>>
>> (2)(A) in the case of any action allowed by an
>> individual, such additional damages as the court
>> may allow, but not exceeding $1000; or . . . .
>>
>> (3) in the case of any successful action to
>> enforce the foregoing liability, the costs of the
>> action, together with a reasonable attorney's fee
>> as determined by the court.  On a finding by the
>> court that an action under this section is brought
>> in bad faith and for the purpose of harassment,
>> the court may award to the defendant attorney's
>> fees reasonable in relation to the work expended

attorney's fees under § 1692(k), and costs.

**Eilert's Motion For Partial Judgment on the Pleadings (#25)**

The procedural history of this case is central to Eilert's motion.  Plaintiff's Original Complaint, filed on December 26, 2013, alleges as a single cause of action that Turner violated section 1692g of the FDCPA by failing to send Eilert the required validation information within five days of Turner's first communication with Eilert regarding the three purported debts previously identified.  On February 27, 2014 Turner filed an answer with a counterclaim (#8) against Eilert based on these three debts allegedly owed to third parties.  On March 20, 1014 Eilert filed both (1) a motion to strike the counterclaim (#10), arguing that Turner lacked standing to file counterclaims for the underlying debts, and (2) his First Amended Complaint (#11).  As noted in the summary *supra*, in the latter instrument Eilert added three counts: Count II asserting violation of 15 U.S.C. § 1692e and § 1692f in Turner's filing a counterclaim against Eilert for debts Turner had no standing or right to collect upon; Count III for violations of 15 U.S.C. § 1692e in Turner's misrepresentation to Eilert that Turner was not a debt collector as defined in 15 U.S.C. § 1692a[11];

---

and costs.

[11] The Court notes that in determining whether a debt collection initial communication letter violates the FDCPA by containing "false, deceptive, or misleading representations," the proper standard of review is that the court evaluates "the debt

-13-

and Count IV for violation of 15 U.S.C. § 1692e and 1692f for operating as a debt collector and illegally engaging in debt collection activities against Eilert in Texas. In response, Turner filed an Amended Answer, dropping his counterclaim, but failing to respond to the three new claims. Under Federal Rule of Civil Procedure 8(b)(6), "[a]n allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."[12] Eilert relies on application of that Rule here. In addition to admitting through his failure to respond to Counts II–IV that he sent the letters with the quoted passages in an effort to collect the consumer debts, Turner also does not deny Eilert's claims that Turner falsely denied being a debt collector, that Turner lacked standing to sue Eilert for the

---

collector's representations, notices and communications to the consumer . . . objectively from the standpoint of the 'least sophisticated consumer'" in violation of the statute. *Taylor*, 103 F.3d at 1236; *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). The court assumes that such a consumer is "neither shrewd nor experienced in dealing with creditors" and that he "should not be considered as tied to the very last rung on the intelligence or sophistication ladder." *Goswami v. Am. Collections Enterprise, Inc.*, 377 F.3d 488, 495 (5th Cir. 2004). The unsophisticated consumer standard "serves the dual purpose of protecting all consumers, including the inexperienced, the untrained and the credulous, from deceptive debt collection practices and protecting debt collectors against liability for bizarre or idiosyncratic consumer interpretations of collection materials." *Taylor*, 103 F.3d at 1236.

[12] *See, e.g., Environmental, Safety & Health Consulting Services v. Crest Energy Partners, LP*, No. 13-CV-05747, 2014 WL 4674733, at *4 (E.D. La. Sept. 18, 2014), *citing  Hall v. Aetna Cas. & Sur. Co.*, 617 F.2d 2208, 1111 (5th Cir, 1980), and *Sinclair Ref. Co. v. Howell*, 222 F.2d 637, 639 (5th Cir. 1955).

three debts purportedly owed to third parties, or that Eilert never obtained loans or incurred any debts payable to Turner and therefore owes nothing to Turner in connection with the debts.

Eilert points out that the FDCPA is a strict liability statute and a "single violation . . . is sufficient to establish liability." *In re Eastman*, 419 B.R. 711, 728 (Bkrtcy. W.D. Tex. 2009)(and cases cited therein). "In order to prevail on a FDCPA claim, the plaintiff must prove the following: (1) the plaintiff has been the object of collection activity arising from consumer debt; (2) the defendant is a debt collector as defined by the FDCPA; and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Steward v. Alonzo*, No. C-08-347, 2009 WL 174938, at *2 (S.D. Tex. Jan. 26, 2009)(citations omitted). Here Eilert claims that he has been the target of Turner's debt collection activities relating to consumer debt. Section 1692a(3) defines a "consumer" as "any natural person obligated or allegedly obligated to pay any debt," while § 1692a(5) defines "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." Turner admits he was attempting to collect a consumer debt from Eilert. Pl.'s Am. Complaint, ¶¶ 5,8, 10; Def.'s Am. Answer, ¶¶ 5,8,10. Thus Eilert

-15-

claims that he satisfies the first element for an FDCPA claim.

The second element requires Turner to be a "debt collector" as defined by § 1692a(6): "any person who sues any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed to or due or asserted to be due another." The Supreme Court has held that the definition "applies to attorneys who 'regularly' engage in consumer-debt-collection activity, even when that activity consists of litigation." *Heintz v. Jenkins*, 514 U.S. 291, 297-99 (1995), *recognized by the Fifth Circuit*, *Addison v. Braud*, 105 F.3d 223, 223 n.1 (5th Cir. 1997). Turner has stipulated that he is a New Jersey attorney practicing primarily in debt collection. Pl.'s Am. Comp. ¶ 3, Def.'s Am. Answer ¶3. Thus under *Heintz*, the FDCPA applies to him. Turner has admitted that he sent three letters to Eilert requesting that he pay the alleged debts to third parties; thus he used the mails in an effort to collect debts owed or asserted to be due another. Pl.'s Am. Compl. ¶¶ 5,6,8.10; Def.'s Am. Answer ¶¶ 5,6,8,10. Eilert further argues that Turner's concurrent denial that he is a debt collector ("regularly operates as third-party debt collector and is a 'debt collector' as defined by 15 U.S.C. § 1692a," *Id.* at ¶4; *id.* at ¶4) is conclusory and

cannot create a disputed fact.[13]

Eilert further contends that Turner violated the FDCPA in filing the counterclaim for alleged debts that Turner had no standing or right to collect on, in violation of §§ 1692e and 1692f.[14] Eilert argues that the fact that Turner subsequently dropped the counterclaim after Eilert filed his motion to strike and First Amended Complaint is, in essence, an admission that Turner did not have standing to assert it. Furthermore Eilert clearly claimed that the alleged debts were owed to third parties, not to Turner. Eilert asserts that filing counterclaims that Turner knew he had no right to file was unlawful, unfair, deceptive and unconscionable and violated both § 1692e, mandating that a debt

---

[13] The Court would point out that under Rule 8(b)(3) and (4), a party may make a general denial of all or parts of the allegations in the complaint. Thus Turner's conclusory, general denial that he is a debt collector in both his original and his amended answers is permissible.

[14] The relevant paragraphs of #8 asserting the counterclaim provide [*sic*],

   17. On or around July 2, 2011, Plaintiff Glen Eilert took out a loan with Mypaydayadvance in the amount of $500.00.

   18. On or around November 8, 2011 Plaintiff Glen Eilert took out a loan with Your Fast Payday in the amount of $400.00

   19. On or around November 9, 2011 Plaintiff Glen Eilert took out a loan with My Next Payday in the amount of $400.00.

   20. To date, Plaintiff has failed to repay on the three loans hat he signed and agreed to pay.

collector not use any false, deceptive, or misleading representation or means in connection with the collection of any debt, and § 1692f, which prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt." In addition, among the sixteen *per se* violations listed in 15 U.S.C. § 1692e is subsection (2)(A), which prohibits "[t]he false representation of . . . the character, amount or legal status of any debt . . . ." Section 1692e(5) prohibits "[t]he threat to take any action that cannot legally be taken or that is not intended to be taken." Once a defendant goes beyond "threatening" illegal acts and actually takes illegal action, that defendant is again liable under § 1692e. *In re Eastman*, 419 B.R. at 729. *See also Poirier v. Alco Collections, Inc.*, 107 F.3d 347, 350-51 (5th Cir. 1997)(When a defendant violates § 1692e(5) by taking action that cannot legally be taken, the defendant is liable for civil damages under § 1692k(a).). Filing suit or claim on a debt that a defendant has no legal right to collect violates the FDCPA. *Delawder v. Platinum Financial Servs. Corp.*, 443 F. Supp. 2d 942, 947-48 (S.D. Ohio 2005)("Courts have recognized claims under Section 1692(e) that are . . . based upon a debt collector's filing of a complaint to collect a debt and attaching an affidavit to the complaint that allegedly misrepresented the amount of the debt or the debt collector's legal claim upon the debt.")(citing cases). Where a plaintiff claims it is the owner of a debt, when it knows

it does not have the ability to prove the debt or where a plaintiff sues under § 1692e(5) because the defendant filed suit to recover on a debt that was discharged in bankruptcy, those claims are actionable under §§ 1692e and 1692f. *Turner v. Lerner, Sampson & Rothfuss*, 776 F. Supp. 2d 498, 506 (N.D. Ohio 2011), *citing Delawder*, 443 F. Supp. 2d at 945 (false affidavit attached to complaint "all the while knowing that they did not have means of proving the debt"), and *In re Eastman*, 419 B.R. at 729.

Eilert maintains that the pleadings on their face show Turner had no standing or no legal right to the consumer debts for which he filed his counterclaim. Turner knew the debts were owed to third parties, not to himself, as is apparent from the debt collection letters he sent to Eilert. Turner did more than threaten legal action when he filed his counterclaim, which misrepresented the legal nature of the debts that he knew were not owed to himself, while he contends that the counterclaim's chilling effect was unfair and unconscionable. Turner's abandonment of those claims does not undo the FDCPA violation.

Eilert asserts that Turner violated 15 U.S.C. § 1692e(10)("The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.") by stating to Plaintiff that he was not a debt collector within the definition of 15 U.S.C. § 1692a(6)(F). Pl.'s Amended Compl. ¶4; Def.'s Answer ¶ 4 (Answer at ¶¶ 16-20 also

alleging counterclaim to collect on alleged debts owed by
Plaintiff). In Defendant's Amended Answer he neither admits nor
denies Plaintiff's allegation that he denied being a debt
collector. Pl.'s Am. Complaint at ¶ 12; Def.'s Am. Answer at ¶ 12.
Turner's denial clearly misrepresents his status as a debt
collector.

Eilert also charges Turner with violating §§ 1692e and 1692f
by operating as an unlicensed debt collector and engaging in debt
collection activities against Plaintiff in Texas where it is
illegal for him to do so. Turner failed to respond to Eilert's
allegation that he was not licensed in Texas and is legally barred
from collecting debts in Texas. Pl.'s Am. Compl. ¶ 14; Def.'s Am
Answer. *See Sibley*, 913 F. Supp. at 471; *LeBlanc v. Unifund CCR
Partners*, 601 F.3d 1185, 1190 n.9 (11th Cir. 2010)("[A] consumer
agency that fails to comply with state consumer protection laws--
yet proceeds to engage in the business of consumer debt collection
within the state--cannot threaten the consumer with litigation
where its own noncompliance would prohibit it from initiating legal
action in the state."). Although the Fifth Circuit has not yet
ruled on whether a debt collector violates the FDCPA when it fails
to obtain a state license before attempting to collect a debt in
that state, "The federal district courts which have analyzed the
issue within the context of the FDCPA and the respective state
consumer protection registration or licensing statutes have all

held that violation of state law may support a federal cause of action under the FDCPA." *LeBlanc* at 1190 n.9 (and cases cited therein).  Furthermore, Turner's failure to respond to Count V in Eilert's First Amended Petition constitutes an admission that he violated Texas state law by failing to register as a debt collector and then attempting to collect the alleged debts (through his debt collection letters and counterclaim) in Texas.

In sum, urges Eilert, all elements of an FDCPA violation appear on the face of the pleadings and are established by admission for Turner's failure to respond to and deny claims in Eilert's First Amended Complaint.

### Turner's Opposition (#27)

Turner first asserts that he is not regularly engaged in the collection of debts as the FDCPA applies to the state of Texas.  He maintains that sending three letters by the same collection agency to one debtor for different debts does not satisfy the statutory definition of "regularly engaged in."

Turner admits to filing the counterclaim without authorization to do so, but argues that he did so based on Eilert's filing a complaint in which he identified the three creditor loan companies (Your Fast Cash, Mypaydayadvance, and My Next Payday), which all use the services of United Credit Specialists, for which Turner serves as an in-house attorney and that he was acting in that capacity.  He contends that rather that causing a chilling effect

-21-

that was unfair and unconscionable, he acted in good faith to protect the three loan agencies.   Moreover he asserts that he corrected the mistake upon receipt of Eilert's motion to strike counterclaims (#10).

### Eilert's Amended Reply (#29)

Because the Court has denied Turner's late motion for leave to amend without explanation his delay, the Court does not address the arguments related to it.

Noting Turner's failure to cite any law in support of his assertions, Eilert insists that Turner's contention that merely sending three letters to one alleged debtor does not mean that Turner engages in debt collection is meritless.   The Court observes that the definition of "debt collector" in § 1692a(6) (one that "regularly collects, or attempts to collect" debt) is not limited to a particular state.   Turner has admitted that he is an attorney involved in primarily collecting debts.   Eilert cites *Heintz*, 514 U.S. at 299, holding that attorneys who regularly engage in consumer debt collection are subject to the FDCPA.

Turner admits that he filed his counterclaim "without having obtained authorization to file said claims."   Eilert insists that Turner's subsequent withdrawal of the claim is not a defense, that he has not undone the violation, and that the withdrawal is irrelevant because the FDCPA is a strict liability statute.   Debt collectors are usually liable for violating the statute's

-22-

requirements without regard to the debt collector's knowledge or willfulness. *See, e.g., Clark v. Capital Credit & Collection Services, Inc.*, 460 F.3d 1162, 1175-76 & n.11 (9th Cir. 2006); *Sims v. GC Services, LP*, 445 F.3d 959, 964 (7th Cir. 2006).

### Court's Decision

The FDCPA was passed "to eliminate abusive debt collection practices . . . and . . . to protect consumers against debt collection practice abuses." 15 U.S.C. § 1692e. "'A single violation of any provision of the act is sufficient to establish civil liability under the FDCPA. Section 1692k of the Act establishes civil liability for 'any debt collector' who fails to comply with any provision of this title [15 U.S.C. § 1692 *et seq.*].''" *Taylor v. Perrin, Landry, deLaunay & Durand*, 103 F.3d 1232 (5th Cir. 1997), *quoting Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993). The plaintiff consumer does not have to prove the debt collector intentionally violated the statute, but only that "the debt collector's representations, notices and communications to the consumer . . . viewed objectively from the standpoint of the 'least sophisticated consumer'" contained "false, deceptive, or misleading representations" in violation of the statute. *Id.* at p. 1236.[15]   *Id.* at 1236; *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th

---

[15] The Fifth Circuit recognized that some Circuits require the standard to be an unsophisticated person while others in the Second, Sixth, Ninth and Eleventh use the "least sophisticated" as the standard. *Taylor*, 103 F.3d at 1236. It stated it did not need to resolve this question in that case, and it has not since. *Id.*

-23-

Cir. 2009.

As a threshold and critical problem here, before the Court even considers Eilert's motion for judgment on the pleadings under Rule 12(c) and Eilert's substantial reliance on Turner's failure to respond to the newly added claims in Eilert's First Amended Complaint, is that Eilert's First Amended Complaint fails to satisfy Rule 12(b)(6) and the FDCPA. Instead, the bare-bones First Amended Complaint is filled with conclusory statements or factually unsupported allegations that are insufficient to state a plausible claim. Moreover there are material issues of fact. Therefore the fact that Turner did not respond to the newly added claims does not support a judgment in favor of Eilert on an inadequately pleaded complaint. Furthermore, in the absence of essential information and any documentary evidence supporting Eilert's conclusory statements, and given the advanced stage of this litigation, the Court finds that the issues here would be more appropriately and more fairly addressed under Rule 56 in a motion for summary judgment.

A motion brought under Rule 12(c) is "'designed to dispose of cases where material facts are not in dispute and a judgment on the merits can be rendered by looking at the substance of the pleadings and any judicially noticed facts.'" *Great Plains*, 313 F.3d at 312, *quoting Herbert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990). There are material facts in dispute here,

even to the point of raising the question whether the FDCPA applies.

First and foremost, Eilert's pleading asserts that he never obtained the three loans on which Turner is trying to collect. There are no details provided in, nor any loan documents attached to, the complaints to establish that the alleged three debts are owed by Eilert, i.e., no information about who, when, how or why the debts were incurred and from whom for the Court to determine whether Eilert is plausibly the debtor to the alleged three creditors. Nor are there any facts establishing that the three alleged debts are consumer debts with the requisite end use of the funds under § 1692a(5) of the FDCPA, i.e., "an obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family or household purposes." Finally there is no showing that Turner and/or United Credit Specialists is authorized to attempt to collect on the three loans.

The Court recognizes that 15 U.S.C. § 1692e(11) requires the initial communication with Plaintiffs to include a statement that the sender is a "debt collector . . . attempting to collect a debt and that any information obtained will be used for that purpose" and to disclose "in subsequent communications that the communication is from a debt collector." Title 15 U.S.C. §

1692g(a), also applicable to the initial communication, requires a debt collector to send within five days of the initial communication notice informing the alleged debtor of the amount of the debt, the creditor, that he has thirty days to contest the validity of the debt, and that if he does so, the debt collector will send him verification of the debt.  A debt collection letter must be read in its entirety to determine if it is deceptive and misleading and therefore violates the FDCPA. *Gonzalez v. Kay*, 577 F.3d 600, 605-07 (5th Cir. 2009), *cert. denied*, 559 U.S. 936 (2009); *Langley v. Weinstein & Riley, PS*, 2013 WL 2951057 at *33-4 (S.D. Tex. June 14, 2013).  In conclusorily charging Turner with sending deceptive collection letters (which Turner denied in both answers), Eilert has quoted only a very small portion of each letter and has failed to attach copies of the letters to his pleadings so the Court can examine them in their entirety to determine if they were deceptive as a matter of law or whether there is a fact issue regarding them.  As noted in *Gonzalez*, 577 F.3d at 607 (Jolly, dissent), the Fifth Circuit observed, *id.* at 607,

> There are some letters that, as a matter of law, are not deceptive based on the language and placement of a disclaimer.  At the other end of the spectrum, there are letters that are so deceptive and misleading as to violate the FDCPA as a matter of law. . . . In the middle, there are letters that include contradictory messages, and therefore present closer calls.

Without copies of the three collection letters, the Court cannot evaluate whether they are deceptive or misleading as a matter of

-26-

law.

The FDCPA prohibits conduct that harasses, abuses, or oppresses consumers (§ 1692d), and unfair or unconscionable debt collection practices (§ 1692f). While the consumer plaintiff need not prove intentional conduct by the debt collector, triggering the applicable objective standard of the "least sophisticated consumer," he does need to show that the alleged letters sent by Turner constitute harassment, oppression, abuse or unconscionable debt collection practices. *Lee v. Credit Management, LP*, 846 F. Supp. 2d 716, 722 (S.D. Tex. Jan. 13, 2012), *citing inter alia Taylor*, 103 F.3d at 1236; *Clayton v. Asset Plus Companies, LP*, No. 4:13-CV-2862,2014 WL 6388430 at *2 (S.D. Tex. Nov. 14, 2014). Whether the Turner's three letters, each addressing a different debt within a month of each other, without more, and without any telephone calls from Turner being alleged, were sufficient to constitute harassment or unconscionable debt collection practices are obvious issues of fact unresolvable on the minimal pleadings here.

Because the Court finds that Eilert's First Amended Complaint fails to satisfy Rule 12(b)(6), and thus Rule 12(c), by pleading, or by attaching documents demonstrating, sufficient crucial facts to state a claim for which relief can be granted, any deficiencies or omissions in Turner's Answers are immaterial. Since discovery has closed, now is an appropriate time for Eilert to file a motion

-27-

for summary judgment with documentary evidence to substantiate his claims, if he is able and such a motion would allow for a more just resolution by the Court.

Accordingly, the Court

ORDERS that Eilert's motion for partial judgment on the pleadings (#25) is DENIED.  The current docket control schedule sets a deadline of January 2, 2013 for filing dispositive motions. The Court therefore

ORDERS that this deadline is EXTENDED to February 30, 2015 to allow Eilert adequate time to prepare a motion for summary judgment if he is able to do so.

**SIGNED** at Houston, Texas, this  22nd  day of  January , 2015.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE

-28-