United States District Court
Southern District of Texas

**ENTERED**

April 14, 2016

David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GLENN EILERT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-13-3758 |
| | § | |
| CHARLES I. TURNER, | § | |
| | § | |
| Defendant. | § | |

OPINION AND ORDER

Plaintiff Glenn Eilert's ("Eilert's") First Amended Complaint (#11) in the above referenced cause alleges four violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1602 *et seq.,* by attorney Defendant Charles I. Turner ("Turner")[1]: (1) Turner failed to send Eilert the required debt validation information and notice of right to dispute debt within five days of Turner's initial communication with Eilert, pursuant to 15 U.S.C. § 1692g(a); (2) Turner violated 15 U.S.C. §§ 1692e and 1692f by filing a counterclaim against Eilert for alleged debts for which Defendant had no standing nor a right to collect; (3) Turner violated 15 U.S.C. § 1692e by misrepresenting to Eilert in his now abandoned counterclaim that Turner is not a debt collector as defined in 15 U.S.C. § 1692a; and (4) Turner violated §§ 1692e and 1692f by engaging in debt collection activities against Eilert in

---

[1] Turner, an attorney licensed in New Jersey, is representing himself, i.e., proceeding *pro se.*

Texas without satisfying Texas' requirements to file with the Texas Secretary of State a $10,000 surety bond from a company authorized to do business in Texas and to register as a debt collector in the State of Texas pursuant to Texas Finance Code § 392.101.[2]

Pending before the Court is Eilert's motion for reconsideration (#43), pursuant to Federal Rule of Civil Procedure 60, of the Court's September 4, 2015 Opinion and Order (#43) denying Eilert's motion for summary judgment (#33).  For the reasons stated below, the Court grants Eilert's motion for reconsideration, but after reviewing that motion, the Court reaffirms its denial of Eilert's motion for summary judgment.

### Standard of Review

Although the Federal Rules of Civil Procedure do not recognize a general motion for reconsideration,[3] courts address such motions under Rules 54(b) for interlocutory orders, and under Rules 59[4] and

---

[2] In his motion for summary judgment, Eilert asserted, "Defendant's admissions in discovery, pleadings, and letters provide undisputed evidence supporting summary judgment on each of Plaintiff's cause of action.  Defendant has not presented, and indeed in incapable of presenting, any affirmative defense supported by facts or law.

[3] *St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997).

[4]  If filed within twenty-eight days of entry of judgment, a motion for reconsideration falls under Fed. R. Civ. P. 59(e) as a motion to alter or amend judgment.  The standard for granting a motion to reconsider under Rule 59(e) is strict:  a party may file such a motion "to correct manifest errors of law or fact or to present newly discovered evidence."  *Waltman v. International Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989).

60[5] for final judgments.  *Dos Santos v. Bell Helicopter Textron,
Inc. Dist.*, 651 F. Supp. 2d 550, 553 (N.D. Tex. 2009), *citing Teal
v. Eagle Fleet, Inc.*, 933 F.2d 341, 347 (5th Cir. 1991);  *U.S. Bank
Nat'l Assoc. v. Verizon Communications, Inc.*, Civ. A. No. 3:10-CV-
1842-G, 2012 WL 3034707, at *1 (N.D. Tex. July 25, 2012).  A ruling
denying a dispositive motion is an interlocutory judgment under Rule
54(b).  *Id.*, *citing Moody v. Seaside Lanes*, 825 F.2d 81, 85 (5th
Cir. 1987)("explaining that only the resolution of an entire
adversary proceeding is 'final'").     Rule 54(b) states that "any
order or other decision, however designated, that adjudicates fewer
than all the claims or the rights and liabilities of fewer than all
the parties does not end the action as to any of the claims and may
be revised at any time before the entry of a judgment adjudicating
all the claims and all the parties rights and inabilities."  The
standard of review for reconsideration of interlocutory orders is

---

[5] If not filed within 28 days, but within a year of entry of
final judgment (Rule 60(c)), a motion for reconsideration is
deemed a motion for relief from judgment under Rule 60(b).  Under
Rule 60(b)(1-6) relief is available for "(1) mistake, surprise,
or excusable neglect; (2) newly discovered evidence that, with
reasonable diligence, could not have been discovered in time to
move for a new trial under Rule 59(b);(3) fraud (whether
previously called intrinsic or extrinsic), misrepresentation, or
misconduct by an opposing party; (4) the judgment is void; (5)
the judgment has been satisfied, released of discharged; it is
based on an earlier judgment that has been reversed or vacated;
or applying it prospectively it is no longer equitable; or (6)
any other reason that justifies relief."  *In re Vioxx Products
Liability Litig.*, 509 Fed. Appx. 383, at *3 (5th Cir. Jan. 31,
2013).

"'as justice requires.'" *Contango Operators, Inc. v. U.S.*, 965 F. Supp. 2d 791, 800 (S.D. Tex. 2013), *citing Judicial Watch v. Dep't of the Army*, 466 F. Supp. 2d 112, 123 (D.D.C. 2006)("requiring a determination of whether reconsideration is necessary under the relevant circumstances"), and *Dos Santos*, 651 F. Supp. 2d at 553 ("whether to grant such a motion rests within the discretion of the court").

The Court incorporates its standard for summary judgment under Federal Rule of Civil Procedure from its previous Opinion and Order (#42 at pp. 2-4).

### Judicial Admissions

"A judicial admission is a formal concession in the pleadings or stipulations by a party or counsel that is binding on the party making them. Although a judicial admission is not itself evidence, it has the effect of withdrawing a fact from contention." *Martinez v. Bally's Louisiana, Inc.*, 244 F.3d 474, 476 (5th Cir. 2001). *See also White v. ARCO/Polymers, Inc.*, 720 F.3d 1391, 1396 (5th Cir. 1983)("Normally factual assertions in pleadings and pretrial orders are considered to be judicial admissions conclusively binding on the party who made them."). Therefore a party cannot rebut a judicial admission made in its pleadings with new evidence or testimony. *Giddens v. Cmty. Educ. Centers, Inc.*, 540 Fed. Appx. 381, 391 (5th Cir. 2013), *citing Davis v. A.G. Edwards & Sons*, 823 F.2d 105, 107-08 (5th Cir. 1987). *See also Hill v. Federal Trade Commission*, 124

F.2d 104, 106 (5th Cir. 1941)("It is fundamental that judicial admissions are proof possessing the highest possible probative value. Indeed, facts judicially admitted are facts established not only beyond the need of evidence to prove them, but beyond the power of evidence to controvert them.").

Federal Rule of Civil Procedure 7(a) defines a "pleading" as "(1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; (7) and if the court orders one, a reply to an answer." Rule 7(a)'s definition does not include a motion to dismiss or motion for summary judgment. *Zaidi v. Ehrlich*, 732 F.2d 1218, 1219-20 (5th Cir. 1984).

A judicial admission is conclusive unless the court permits the party who made it to withdraw it or amend it. Fed. R. Civ. P. 36(b); *Am. Auto. Ass'n v. AAA Legal Clinic*, 930 F.2d 1117, 1120 (5th Cir. 1991). Turner did seek leave to amend his answer (#26), but his motion was denied (#52).

"To qualify as a judicial admission, the statement must be (1) made in a judicial proceeding; (2) contrary to a fact essential to the theory of recovery; (3) deliberate, clear, and unequivocal; (4) such that giving it conclusive effect meets with public policy; and (5) about a fact on which a judgment for the opposing party can be based." *Heritage Bank v. Redcom Laboratories, Inc.*, 250 F.3d 319,

329 (5th Cir. 2001).

"[P]arties may not stipulate to the legal conclusions to be reached by the court. . . . Issues of law are the province of courts, not of parties to a lawsuit, individuals whose legal conclusions may be tainted by self interest.  Courts, accordingly, 'are not bound to accept as controlling, stipulations as to questions of law.'"  *In re Kaneb*, Nos. MW 97-014, MW 97-031, 1998 WL 35416875, at *4 (1st Cir. Apr. 2, 1998).  *In accord Humble Oil & Refining Co. v. Sun Oil Co.*, 191 F.2d 705, 713 (5th Cir. 1951)("[T]he stipulation is obviously inoperative if it is to be treated as an agreement concerning the legal effect of admitted facts, since the court cannot be controlled by agreement of counsel on a subsidiary question of law.")(*citing inter alia Smith & Co. v. Hocking Valley Ry. Co.*, 243 U.S. 281, 289-90 (1917)("If the stipulation is treated as an agreement concerning the legal effect of admitted facts, it is obviously inoperative; since the court cannot be controlled by agreement of counsel on a subsidiary question of law.")), *cert. denied*, 342 U.S. 920 (1952).

### Eilert's Motion for Reconsideration

Eilert objects that the parties' pleadings, including the Joint Pretrial Order, show that "the Court and the Court alone believes and argues the existence of material facts in dispute that the parties themselves do not."

To be liable for violation the FDCPA, the defendant must be a

"debt collector" within the statute's definition: "The term 'debt collector' means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

Eilert first contends that the Court confused the irrelevant question of whether Defendant regularly collect debts **in Texas** with the real issue, whether he regularly collects debts, regardless of where he does so. Eilert insists he never claimed that Turner regularly collected debts in Texas. Without supporting evidence, Eilert alleges that Turner regularly collects debts generally and is therefore a debt collector as defined by the FDCPA. Therefore there is no genuine issue of fact created by Turner as to whether he is a debt collector within the reach of the FDCPA.

Eilert also asserts that the Court erred in finding that Turner raised a genuine issue of material fact about Eilert's claim that each of the three letters from Turner was the first sent to him by about each of the three debts[6] and whether previous letters from the

---

[6] The Court disagrees. It stated that it was undisputed that each of the three letters sent by Turner to Eilert regarding three different debts allegedly owed to three different, named creditors was the first sent by Turner to Eilert on that particular debt. #42 at pp. 12-14.

client satisfied 15 U.S.C. § 1692g,[7] requiring Turner to provide Eilert with the debt validation information.  Eilert also claims that Turner admitted in his **proposed** amended answer (#26-1 at ¶¶ 7,8, and 9),[8] that Eilert did not send the requisite debt validation information in the three letters, a charge Turner has denied.

---

[7] Section 1692g(a) provides,

(a) Notice of debt; contents

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing–

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or of any portion therefore, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

[8] The Court denied his motion for leave to file the amended complaint.  #32.

Eilert's representation is deceiving.

In the proposed amended answer Turner states that he is "house counsel to United Credit Specialists, who did send the debt validation information or notice of right to dispute the debt as required by 16 U.S.C. 1692g." Eilert's claim that he is entitled to summary judgment because of Turner's alleged admission that he did not send the required information is based on Eilert's reliance on *Stair ex rel. Smith v. Thomas & Cook*, 254 F.R.D. 191, 197 (2008), holding that a prior debt collector's disclosures under 15 U.S.C. § 1692g(a) do not relieve a successor debt collector, and any subsequent debt collector, of his obligation to again provide disclosures. That issue is a question of law for the court, whose research and conclusions are not limited to a party's citations, and which in Eilert's case are clearly self-interested. The Court's research revealed that the issue raised in *Stair* is unsettled and there is disagreement among courts about it. *See, e.g., Hernandez v. Williams, Zinman & Parham, P.C.*, No. CV-12-731-PHX-SMM, 2014 WL 977649, at *5 (D. Az. Mar. 13, 2014)(appeal filed Apr. 9, 2014)(rejecting *Stair* and other decisions in accord holding that "the consumer is only entitled to one debt validation notice"); *Pressley v. Capital Credit & Collection Service, Inc.*, 760 F.2d 922 (9th Cir. 1985)(disclosure need not be made in follow-up communications); *Paris v. Steinberg & Steinberg*, 828 F. Supp. 2d 1212, 1221-22 (W.D. Wash. 2011)("The goal of the FDCPA's initial

communication requirement is to advise the debtor of his rights and obligations to the creditor--not advise the debtor of each and every debt collector."), *citing Oppong v. First Union Mortg. Corp.*, 566 F. Supp. 2d 395, 404 (E.D. Pa. 2008)(finding "it would serve no purpose to require that the same information be given again and again, each time the servicing function was passed from one creditor to another. . . . By using the singular when referring to 'initial communication,' Congress contemplated only one initial communication with a debtor on a given debt."), *aff'd*, 326 Fed. Appx. 663 (3d Cir. 2009); *Beattie v. D.M. Collections, Inc.*, 754 F. Supp. 383, 388–89 (D. Del. 1991)("It may be argued that so long as the disclosure is given in the initial contact with the debtor, there is no need to make disclosure in subsequent contacts because the putative debtor has already received his warning. The Courts are divided on the issue . . . .").

Eilert maintains that Turner does not deny, and therefore admits, that he lacks standing to sue Eilert on the three debts because he denied being a debt collector.    Eilert's First Amended Complaint (#11 at ¶ 3) alleges, "Plaintiff, Glenn Eilert (hereinafter 'Plaintiff' or 'Mr. Eilert'), is a natural person residing in LaGrange, Texas.    Defendant CHARLES I. TURNER (herinafter [*sic*] "Defendant") is a New Jersey attorney practicing primarily in debt collection." Turner's Answer (#17, ¶3) responds, "Defendant will stipulate as to the statement made in this

Paragraph." An allegation that Turner practices primarily in debt collection is not the same as a claim that the principal purpose of his or United Creditor Specialist's business is the collection of any debts. Nor has Eilert alleged any facts or submitted any evidence demonstrating that the principal purpose of Turner's business is collection of debts. In paragraph 4, Eilert's amended complaint asserts, "Defendant regularly operates as third-party debt collector and is a 'debt collector' as defined by 15 U.S.C. [§] 1692a." Turner's answer to paragraph 4 disagrees: "Defendant denies the Statement in this Paragraph and puts Plaintiff to his proofs." Eilert also focuses on Turner's motion for leave to amend his answer (#26-1), in which Turner "clarified" his original response to ¶ 4 by stating, "Defendant 'regularly operates' as a third party debt collector within the State of Texas, and puts Plaintiff to his proofs." Eilert argues that whether Turner does so in Texas is a "straw man argument that cannot give rise to a genuine issue of material fact." He further complains that the Court relies on Turner's responses to interrogatories, which neither party cited.[9]

---

[9] The Court finds this objection to be meritless. In reviewing for summary judgment, the Court may choose to consider the whole record before it. *See* Fed. R. Civ P. 56(c)(3) ("The court need consider only the cited materials, but it may consider other materials in the record."). Moreover, "[e]ven if the standards of Rule 56 are met, a court has discretion to deny a motion for summary judgment if it believes that 'the better course would be to proceed to a full trial.'" *Firman v. Life Ins. Co. of N. Am.*, 684 F.3d 533, 538 (5th Cir. 2012), *citing*

The Court agrees that whether Turner operates as a third party debt collector in Texas because he sent three letters to Eilert there is not the issue; if he "regularly operates" to a sufficient degree as a third-party debt collector outside of Texas, he would qualify in this matter as a debt collector under the FDCPA.  Whether he qualifies is a factual issue.  The Fifth Circuit has determined that under the statutory definition there are two categories of "debt collectors": (1) "those who collect debts as the 'principal purpose of their business" and (2) "those who collect debts 'regularly.'"  *Hester v. Graham, Bright & Smith, P.C.*, 289 Fed. Appx. 35, 41 (Aug. 4, 2008).  As noted, Eilert does not assert or demonstrate that the principal purpose of Turner's business in this country is debt collection, so the issue here is whether Turner "regularly" collects debts.  In *Hester, id.*, the Fifth Circuit opined,

> Attorneys qualify a debt collectors for purposes of the FDCPA when they regularly engage in consumer debt collection, such as litigation on behalf of a creditor client.  *Heintz v. Jenkins*, 514 U.S. 291, . . . (1995).  A person may "regularly" collect debts even if debt collection is not the principal purpose of his business.  *Garrett v. Derbes*, 110 F.3d 317, 318 (5th Cir. 1997).  "[I]f the volume of a person's debt collection services is great enough, it is irrelevant that these services only amount to a small fraction of his total business activity. . . ."  *Id.*  "Whether a party 'regularly' attempts to collect debts is determined, of course, by the volume or frequency of its debt-collection activities."  *Brown v. Morris*, 243 Fed. Appx. 31, 35 (5th Cir. 2007); *see also Garret*, 110 F.3d at 318.  However

---

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

no bright-line rule identifies when an attorney or law
firm "regularly" collects or attempts to collect debts,
so courts must make this determination on a case-by-case
basis. *Goldstein v. Hutton, Ingram, Yuzek, Gainen,
Carroll & Bertolloti*, 374 F.3d 56, 62 (2d Cir. 2004).

In *Goldstein*, for instance, the panel found that "a volume of 45

collection letters in a year combined with the regular dispersal of

letters over the course of the year was enough to establish that a

law firm was a debt collector," while in *Garrett*, 110 F.3d at 318,

the panel found that "an attorney who in a nine month period

attempted to collect debts  owed to a client from 639 individuals

'regularly' collected debts for FDCPA purposes." *Hester*, 289 Fed.

Appx. at 42.  "The Fifth Circuit mandates a heavily fact-intensive

inquiry to determine whether or not an individual or entity

qualifies as a 'debt collector' under the FDCPA." *Kirkpatrick v.

Dover & Fox, P.C.*, Civ. A. No. 4:13-cv-0123, 2013 WL 5723077, at *7

(S.D. Tex. Oct. 21, 2013).  "Courts in the Fifth Circuit conducting

this inquiry have looked to such factors as the number of lawsuits

filed and collection letters mailed, the percentage of time debt

collection activities consume, the share of total lawsuits filed

that were dedicated to debt collection, the number of creditor

clients and the length of the firm's relationship with them, the

frequency and nature of the non-collection work in which the firm

engages, and the number of firm attorneys and other employees

dedicated to debt collection activities." *Id.* at *5 (citing cases).

Here there is no summary judgment evidence for the Court to

determine whether Turner and/or United Creditor Specialists "regularly" collected debts in sufficient amount to qualify as a debt collector under the statute as a matter of law.

If Turner does qualify as a statutory debt collector, Eilert's claim that Turner violated the statute by filing counterclaims to collect the three debts fails. Litigation on behalf of a creditor client is an important part of consumer debt collection under the FDCPA. *Hester*, 2008 WL 2958984 at *41, *citing Heintz*, 514 U.S. 291. Regardless, Turner dropped these counterclaims in his amended answer.

Eilert has also charged Turner with a violation of Texas Finance Code § 392.101, part of the Texas Debt Collection Practices Act ("TDCPA"), which provides,

> A third-party debt collector or credit bureau may not engage in debt collection unless the third-party debt collector or credit bureau has obtained a surety bond issued by a surety company authorized t do business in this state as prescribed by this section. A copy of the bond must be filed with the secretary of state.

The Court observes that Eilert has not sued Turner under the TDCPA. Even if he had tried, unlike the FDCPA, "the TDCPA expressly excludes from its definition of third-party debt collector 'an attorney collecting a debt as an attorney on behalf of and in the name of a client unless the attorney has nonattorney employees who: (A) are regularly engaged to solicit debts for collection; or (B) regularly make contact with debtors for the purpose of collection or adjustment of debts.'" *Hubbard v. Midland Credit Management*, Civ. A. No. 4:13-CV-112-Y, 2013 WL 6027899, at *4 (N.D. Tex. Nov.

-14-

13, 2013), *quoting* Tex. Fin. Code Ann. § 392.001(7). Eilert has not shown that Turner has employees that meet either of the two exceptions.

With regard to Eilert's unsupported, conclusory claim that this Court erroneously concluded that the Defendant raised a material issue of law when Turner claimed sovereign immunity from suit, derived from his status as attorney United Creditor Specialists, purportedly a tribal entity created by the Indian tribe Guideville Indian Rancheria, the Court simply sought further information. It raised the issue whether Turner had waived such a defense by his previous delay in asserting it and it ordered him to file within twenty days a statement whether he has evidence demonstrating that he is entitled to such immunity and, if so, an appropriate motion to dismiss. #42 at pp. 21-22. Turner failed to do so and thus the Court finds that he has abandoned the derivative immunity defense.

Accordingly the Court

ORDERS that Eilert's motion for reconsideration (#43) is GRANTED because the Court has reviewed his objections, but for the reasons stated in this order, the Court REAFFIRMS its DENIAL of Eilert's motion for summary judgment (#33) in Opinion and Order (#42).

**SIGNED** at Houston, Texas, this __14th__ day of __April__, 2016.

<br>

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE